GAOA SALOFI, Petitioner

v.

**TALALUMA TULIFUA, ALE FILIOALI'I, and
MATAMULI PUNIMATA, Petitioners**

**TULIFUA SIVA, Intervenor**

High Court of American Samoa
Land and Titles Division

LT No. 41-89

November 1, 1989

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For Petitioner, Fai'ivae A. Galea'i and Levaula Kamu
For Respondents and Intervenor, Tau'ese P.F. Sunia

On Request for Preliminary Injunction:

Petitioner, for himself and the Gaoa family, seeks a preliminary
injunction to enjoin respondents from their continuing construction of a

guest house on a certain land area in the village of Tau known as "Malaetele." Petitioner claims ownership to this land and he complains that the respondents are building on "Malaetele" without his consent.

Respondents are members of the Tulifua family who are allegedly involved with the mentioned construction. Their senior matai, Tulifua Siva, was off-island for medical reasons at the time of the filing of the petition. However, Tulifua has since returned to the territory and has moved to intervene as the senior matai of respondents' family. The motion was granted.

The work complained of is in fact the rebuilding of the Tulifua family's guest house which was damaged during hurricane "Tusi." The rebuilding has utilized much of the old structure.

A preliminary injunction may only issue upon applicant's showing of "sufficient grounds" after a hearing *inter-partes* duly noticed, A.S.C.A. § 43.1301(g). Also, A.S.C.A. § 43.1401(j) provides that sufficient grounds for the issuance of a preliminary injunction means:

> (1) there is a substantial likelihood that the applicant will prevail at trial on the merits and that a permanent injunction will be issued against the opposing party; and

> (2) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on whether a permanent injunction should issue.

The petitioner has not sustained the required statutory showing on the evidence presented. The merits of petitioner's case essentially consist of a claim to ownership based on an uncertain family history. Against this, respondents' claim to ownership does not merely rest on contradictory family history, but it is also coupled with a showing of established use and settled occupation.

Additionally, there has been no showing of "irreparable harm" by petitioner. At one point in his testimony, petitioner talked of irreparable harm in terms of physical alteration to the land through excavation and the placement of things thereon. He could not, however, be specific with the extent of the harm claimed. The extent of the evidence presented does not suggest that the physical injury claimed is such that it may not be adequately redressed at law.

31

Petitioner also alluded somewhat unclearly to the indignity and profound sense of hurt felt by his family by reason of respondents' unauthorized reconstruction on Gaoa family land and their continuing disregard for petitioner's objection to that reconstruction. This is not "irreparable harm" within the meaning of the statute. Moreover, petitioner's sense of hurt is derived from the presupposition that his family owns the land in question. But that is exactly the very issue to be decided by the Court after trial on the merits.

For reasons given, the application for preliminary injunction is denied.